Rankin v. Kinsey.

WILLIAM S. RANKIN ET AL.

v.

ANDREW J. KINSEY, use, etc.

1. REPLEVIN BOND—SUIT ON.—A judgment for defendant in the replevin suit constitutes a breach of the replevin bond, and when admitted in evidence is conclusive of a right to recover upon the bond, saving the right of the plaintiff in replevin to prove his title to the property in mitigation of damages.

2. OWNERSHIP OF PROPERTY SHOWN IN MITIGATION OF DAMAGES.— The crops growing on mortgaged land are covered by the mortgage, whether planted before or after its execution, until they are severed, and the lien of the mortgagee attaches as well to the crops as to the land. The recording of such mortgage is notice to all subsequent purchasers, and proof of ownership derived from a sale under such mortgage by the plaintiff in replevin, shows good title to the property as against a purchaser at constable's sale of such crops, levied upon under an execution against the mortgagor.

APPEAL from the Circuit Court of Tazewell county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed October 1, 1880.

Messrs. COHRS & GREEN, for appellants; that the crops passed with the land, cited 2 Jones on Mortgages, § 1658.

Power to sell, contained in a mortgage, is a power coupled with an interest, and vests in the person who becomes by assignment or otherwise entitled to the money secured thereby: Pardee v. Lindley, 31 Ill. 186; Heath v. Hall, 60 Ill. 344; 4 Kent's Com. 146; Strother v. Law, 54 Ill. 413.

An assignment may be made by a separate written instrument: Ryan v. May, 14 Ill. 49; Simpson v. Ranlett, 2 Gilm. 312.

The assignment of the note carries with it the mortgage: Lucas v. Harris, 20 Ill. 165; Vansant v. Allmon, 23 Ill. 30; Herring v. Woodhull, 29 Ill. 93; Pardee v. Lindley, 31 Ill. 186; Medely v. Elliott, 62 Ill. 532; Hamilton v. Lubukee, 51 Ill. 415.

Title acquired at a mortgage sale by a purchaser with the understanding that the purchaser is to convey to the mortgagee, is not void, if steps are not taken by the owners of the equity of redemption to avoid the same: Munn v. Burges, 70 Ill. 604.

A sale made by the agent of the person entrusted with the power to sell, is only void at the instance of the maker of the power: McHarry v. Schenck, 88 Ill. 358; Mulvey v. Gibbons, 87 Ill. 369; Dempster v. West, 69 Ill. 613.

Messrs. PRETTYMAN & SONS, for appellees; that by the judgment in the replevin suit, there was a breach of the covenant in

Rankin v. Kinsey.

the bond, cited Warner v. Mathews, 18 Ill. 83; Stevison v. Earnest, 80 Ill. 513.

The parties were merely tenants in common of the crops on the land: Creel v. Kirkham, 47 Ill. 344.

The plaintiff in replevin must have an entire interest in the property: Wells on Replevin 88; Eakin v. Eakin, 63 Ill. 160; Stevison v. Earnest, 80 Ill. 513.

A sale made by an agent of the person authorized to sell, is void: Flower v. Ellwood, 66 Ill. 438.

A legal assignment can only be made in writing: Simpson v. Ranlett, 2 Gilm. 312.

A void act can not be ratified: People v. Town of Waynesville, 88 Ill. 470; McCullough v. Moss, 5 Denio, 567; Drury v. M. W. R. R. Co. 40 N. H. 230.

The assignment of the note creates no lien on the land mortgaged: White v. Sutherland, 64 Ill. 181; Howard v. Ross, 5 Bradwell, 456.

Fraud vitiates all transactions, and it may be proved or inferred from facts and circumstances: Reed v. Noxon, 48 Ill. 323; Carter v. Gunells, 67 Ill. 270.

There is evidence to support the verdict, and where substantial justice has been done, it will not be disturbed: Union H. & L. Co. v. Shoeneman, 48 Ill. 74; Lintner v. Millikin, 47 Ill. 178; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Malburn v. Schreiner, 49 Ill. 69; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333; C. R. I. & P. R. R. Co. v. Otto, 52 Ill. 416; Sulzer v. Yott, 57 Ill. 164.

It is proper to refuse an instruction calculated to mislead: Frame v. Badger, 79 Ill. 441.

Error will not always reverse: Hewitt v. Jones, 72 Ill. 218; Pahlman v. King, 49 Ill. 266.

HIGBEE, J. Rankin commenced a suit in replevin in the Tazewell Circuit Court against Rhinehardt, to recover the possession of one thousand bushels of corn.

At the return term Rankin dismissed his suit, and judgment was rendered against him for costs, and a writ of *retorno habendo* awarded.

This is a suit on the replevin bond, to recover the costs of the former suit and the value of the corn taken on the writ of replevin.

Rankin pleaded in mitigation of damages that the former suit was not tried on its merits, and that he was at the time when, etc., the owner of the property in the writ described.

Issue was taken on this plea, and a trial had, resulting in a verdict and judgment against appellants for the full value of the property replevied.

On the trial both parties claimed title to the property in controversy.

The judgment in the replevin suit constituted a breach of the bond, and when admitted in evidence in a suit on the bond, was conclusive of the rights of the parties, except the right saved to the plaintiff by the statute to plead and prove his title in mitigation of damages.

Appellants, in support of their plea, read in evidence a mortgage on the land, upon which the corn replevied was grown, executed by John Eller, the owner of the land, to Anna Cohrs on the 16th day of February, 1875, and recorded March 2d, 1875, to secure the payment of four notes of even date, given for the purchase money of said premises.

The mortgage contained a power of sale to the mortgagee, her legal representatives, attorney or assigns, in case of default in payment of said notes, or either of them, or any part thereof, at the time the same should become due.

Appellants also read in evidence a deed from C. R. Cummings to appellant Rankin, dated August 6, 1878, reciting the assignment of the notes by Mrs. Cohrs to Cummings, default in their payment, notice of sale as required by the mortgage and the sale of the premises to the grantee in the deed on the day of the execution thereof.

At the time of the sale, the corn in controversy was growing on the premises in the mortgage described.

Rhinehardt claimed title to the corn under a purchase at a constable's sale, made in June, 1878, on several executions issued on judgments against Eller, and also through a chattel mortgage executed to him October 1st, 1878, by William

Hultz, who had raised the corn that year on the land under a contract with Eller.

The mortgage from Eller, the owner of the land, to Mrs. Cohrs, was notice to all persons claiming through him of the rights of the mortgagee from the time it was recorded.

The crops growing on mortgaged land are covered by the mortgage, whether planted before or after its execution, until they are severed, and the lien of the mortgagee attaches as well to the crops as to the land.

The mortgagor until foreclosure or possession taken by the mortagee, is entitled to emblements, and when they are severed, has an absolute right to them without any liability to account for them. But if the land be sold for condition broken before severance, the purchaser will be entitled to the growing crops, not only as against the mortgagor, but against all persons claiming in any manner through or under him subsequent to the recording of the mortgage. 1 Jones on Mortgages, Secs. 676, 699 and 780; Jones et al. v. Thomas, 8 Black 428; 1 Washburn's Real Property, 106; Lane v. King, 8 Wend. 584; Gillett v. Balcolm, 6 Barb. 370; 1 Hilliard on Mortgages, 161; 1 Jones on Mortgages, Sec. 697, and cases cited.

Appellee insists that Hultz and Eller were owners of the corn, as tenants in common, and therefore the interest which he acquired from Hultz was not subject to the lien of the mortgage to Mrs. Cohrs. The written agreement between Eller and Hultz constituted the latter a tenant to the former, and entitled him to the use of the land; but even if the relation of landlord and tenant did not exist between them, Hultz entered and raised the crop under Eller, the mortgagor, and until it was severed it was subject to the lien of the mortgage.

Several objections are made to the validity of the sale by Cummings, the assignee of Mrs. Cohrs to Rankin.

It is a well settled and familiar principle that the debt secured by a mortgage is the principal thing, and the mortgage a mere security for its payment, therefore, the assignment of the notes, secured by a mortgage, carries with them the mortgage. Lucas v. Harris, 20 Ill. 165; Mealey et al. v. Elliott et al. 62 Ill. 534.

It is equally well settled in this State, that when a mortgage gives to the mortgagee or his assigns powers to sell in case of default in payment, an assignment of the notes secured by the mortgage will vest the power of sale in the assignee.    Strother v. Law, 54 Ill. 413; Pardee v. Laidly, 31 Ill. 185; Heath v. Hall et al. 60 Ill. 345.

Before the sale Mrs. Cohrs, the payee in the notes, wrote her name on the back of each of said notes and sold and delivered them to Cummings for a valuable consideration, and these blank indorsements were filled up by the attorney of Cummings on the trial of this cause.

The court refused to instruct the jury in behalf of appellants that the assignment was sufficient to confer the power of sale on Cummings.    In this we think the court erred.

. The statute makes all    notes assignable by indorsement thereon, under the hand of the payee, so as absolutely to vest the property thereof in the assignee.

No particular form of words are necessary to constitute a valid assignment.    It is sufficient if the signature of the payee appears on the back of the note.    The holder for value under such an assignment is the absolute owner of the note, and may fill up the assignment to hims lf, even on trial.

The filling of the blank is a mere matter of form, and as was said in Gillham v. The State Bank of Illinois, 2 Scam. 247, may be dispensed with altogether.    See, also, Weston et al. v. Myers, 33 Ill. 424.

The notes secured by the mortgage were indorsed by the payee to Cummings for a valuable consideration; he thereby became their absolute owner, and so long as he so held them, he alone possessed the power of sale.

It is next objected that the sale was made by J. B. Cohrs, the attorney of Cummings, in his absence, and that the p em-ises were purchased by Rankin, who paid nothing therefor, but was the agent of Cummings, and held them in trust for him.

The sale was reported by Cohrs to Cummings, and he exe-cuted the deed to Rankin, the purchaser.

Such objections do not render the sale void, in the absence

of actual fraud, but voidable only at the instance of the mort-
gagor. McHenry v. Schenk, 88 Ill. 365; Mulvey v. Gibbons,
et al. 87 Ill. 367.

Courts of equity having jurisdiction over technical and con-
structive frauds, will set such sales aside on a bill by the mort-
gagor in apt time, whether loss has resulted to the owner or
not; but in a court of law, in the absence of actual fraud, the
only inquiry is, who has the legal title? Thorpe v. Cullum, 1
Gilm. 614; Lockwood v. Mills et al. 39 Ill. 602; Jackson v.
Cadwalader, 14 John, 407.

It is further insisted that this sale was fraudulent in fact,
and therefore void as against creditors and subsequent
purchasers.

We do not care to discuss the evidence in detail, as the case
must be submitted to a jury again; but it fails to show collu-
sion between Cummings and Eller to defeat Eller's creditors
for his benefit. There is no dispute that the indebtedness
which Cummings held against Eller was *bona fide.*

It was a contest between Eller's creditors as to who should
have the corn, and it is not easy to see how he was to be bene-
fited if Cummings succeeded. In any event the corn was to
go to his creditors, and was lost to him, except so far as it
extinguished his indebtedness.

It is contended that one Hatch, was the owner of one-third
interest in the corn at the time the replevin suit was
commenced.

Hatch purchased the land from Rankin, and the evidence
tends to show that at the time he bargained for the land he
bought one-third interest in the corn then standing in the
field.

The deed was made for the land at the time of the purchase,
and contained an express reservation of the corn to Rankin,
with the right to enter upon the premises and gather, crib and
shell the same. Parol evidence of the purchase prior to the
execution of the deed was not admissible to contradict or vary
the express term of the deed.

Admitting that replevin cannot be maintained for an undi-
vided interest in property, it does not follow that the plaintiff,

when defeated and suit is brought on the bond, cannot avail himself of his statutory right to rely upon his ownership in mitigation of damages to the full extent of such ownership.

The judgment is reversed and the cause remanded.

Reversed and remanded.