HENRY L. ANDERSON *et al.*

*v.*

BENJAMIN STRAUSS.

</div>

<div align="center">*Filed at Springfield May 13, 1881.*</div>

<div align="right">98    485<br>193    ¹485</div>

1. DEED OF TRUST—*right of grantor to enjoy rents, issues and profits.* A clause in a deed of trust permitting the grantor to enjoy the rents, profits and issues of the land until default, is merely declaratory, such being the legal effect of the deed, independent of the clause. Upon default the permission ends.

2. SAME—*sale of crops on execution does not affect grantee's rights.* As between the parties to a judgment, the seizure and sale of growing wheat upon execution issued upon the judgment, will constitute a severance of the crop from the realty; but as to a grantee in a deed of trust given by the execution debtor before the execution became a lien, such seizure and sale will not work a severance. The purchaser at the sheriff's sale takes subject to the rights of the grantee under the trust deed, which will not be cut off or affected by such sale.

3. A and wife, in January, 1878, executed a deed of trust on certain land to B, to secure a debt due to C, evidenced by a note payable two years after its date, with interest. In March, 1879, B, the trustee, sold the land to C for a default in the payment of interest, and C shortly after leased the premises to A. In April, 1878, D recovered a judgment against A, upon which an execution issued, and was, in December, 1878, levied on a crop of growing wheat sown by A in the fall of 1878, on the premises, and the wheat was by the sheriff sold to D, who in 1879 took possession of the same, and cut

and shocked it: *Held*, in an action of replevin by C, that the wheat belonged to him, affirming a judgment in his favor.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. S. P. SHOPE, Judge, presiding.

This was an action of replevin, brought by Benjamin Strauss against Henry L. Anderson, Foster Carroll and James Williamson, for a lot of wheat raised upon the south-west quarter of section 1, and the south half of the north-west quarter of section 1, township 6 south, range 5 west, in Pike county, Illinois.

It appears, from the evidence, that John Hoskins, the owner of the land upon which the wheat was grown, together with his wife, on January 18, 1878, gave a deed of trust on the premises to secure the payment of a note of $1100, payable to Benjamin Strauss, in two years, with ten per cent interest. The trust deed was made to Isaac and Jacob Strauss, as trustees.

The interest not being paid at the end of the first year, the trustees sold the land to appellee on March 3, 1879. Afterwards, appellee induced Hoskins to accept a lease of the premises, and on April 22, 1879, a lease was made by appellee to Hoskins for one year, conditioned for the payment of certain rents, etc.

Previous to executing said deed of trust to Strauss, Hoskins had executed a mortgage on the same land to C. W. Lynch, to secure the sum of $2492, and Hoskins and wife had also executed to one Dustin a deed of trust on the premises, to secure the sum of $4000, which sums were due when the trust deed was made to Strauss, and the notes described in the Lynch mortgage and the Dustin deed of trust were purchased and owned by Isaac and Jacob Strauss.

At the April term, A. D. 1878, of the Pike circuit court, two judgments were rendered against John Hoskins, one in favor of the appellants Anderson and Carroll, for the sum

of $341.71, and the other in favor of appellant Williamson, for $752.75. Upon these judgments executions were issued, and were by the sheriff of said county, on December 12, 1878, levied upon the wheat growing upon the lands, and which had been sown by Hoskins in the fall of 1878. At the sheriff's sale, on January 3, 1879, the wheat was sold to appellant Anderson, who bought for himself and the other appellants. Appellants took possession of the wheat, cut and shocked the same, and while threshing it, it was replevied by the appellee.

The deed of trust to Strauss contained the following clause: "Provided, the grantors, and their heirs and assigns, may hold and enjoy said premises, and the rents, profits and issues thereof, until default shall be made, as aforesaid."

A jury being waived, the cause was tried by the court, who found for the plaintiff, Strauss, except as to ninety-eight bushels of the wheat.

The defendants below took the case, by appeal, to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed.

The question presented by the facts of the case is, whether the appellee, as the purchaser under the deed of trust, was entitled to the wheat as against the purchasers under the execution against Hoskins, the grantor.

Messrs. IRWIN, CRAWFORD & GRIMSHAW, for the appellants:

The trust deed under which appellee claims the growing wheat in controversy, contains the following clause or reservation: "Provided, that the said grantors, and their heirs and assigns, may hold and enjoy said premises, and the rents, issues and profits thereof, until default shall be made, as aforesaid," and the first default occurring was on January 13, 1879.

Growing crops are personal property, and may be transferred by parol. *Bull* v. *Griswold*, 19 Ill. 633; *Bellows* v.

*Wells,* 36 Vt. 600; *Graff* v. *Fitch,* 58 Ill. 377; *Reed* v. *Johnson,* 14 id. 258; *Sanborn* v. *Benedict,* 78 id. 316; *Ogden* v. *Lucas,* 48 id. 402; 3 Wash. Real Property, 599, n. 1; *Ring* v. *Billings,* 51 Ill. 475; *Johnson* v. *Camp,* id. 219.

If growing crops are carried off before foreclosure, the sale is valid. 1 Hilliard on Mortgages, 160, n. c.; Jones on Mortgages, 1658; *Sherman* v. *Willett,* 42 N. Y. 146.

Growing crops may be levied on, and sold by a constable or other officer as chattels. *Bull* v. *Griswold, supra;* 1 Wash. Real Prop. 4, sec. 8; *Penhollow* v. *Dwight,* 7 Mass. 34; *Heard* v. *Fairbanks,* 5 Metc. 111; 2 Rawle, 261; *Craddock* v. *Riddle-barger,* 2 Dana, 206; *Patterson's Appeal,* 61 Penn. 297; *Whipple* v. *Fort,* 2 Johns. 423; *Evans* v. *Roberts,* 5 B. and C. 829; Rorer on Judicial Sales, §§ 387, 388; *House* v. *Showalter,* 10 Ohio St. 124; *Parker* v. *Storts,* 15 id. 351; *Jones* v. *Thomas,* 8 Blackford, 424.

There need not be manual delivery of growing crops. *Thomas* v. *Wilhite,* 81 Ill. 356; *Ticknor* v. *McClelland,* 84 id. 473; *Hart* v. *Wing,* 44 id. 141.

A purchaser of immature crops has a reasonable time after the maturity in which to harvest and remove the same. *Ogden* v. *Lucas, supra; Ticknor* v. *McClelland, supra; Hart* v. *Wing, supra; Bull* v. *Griswold, supra; Graff* v. *Fitch, supra.*

A mortgagor, before condition broken, is the owner of the land, even as against the mortgagee. 2 Wash. Real Prop. 545, n. 6; 1 Jones on Mortgages, 697; *Woodford* v. *Picket,* 8 Gray, 617; *Coleman* v. *Duke of St. Albans,* 3 Ves. Jr. 25; *Toby* v. *Reed,* 9 Conn. 216; *Gillett* v. *Balcom,* 6 Barb. 370; *Cooper* v. *Gole,* 38 Vt. 185; *Brown* v. *Thurston,* 56 Me. 126; *Hewes* v. *Bickford,* 49 id. 71; *Page* v. *Robinson,* 10 Cush. (Mass.) 99.

There is a severance in law as well as in fact, and the former occurs whenever a valid sale has been made by the owner of the crop, even when he is the owner of the free-hold. Such sale may be made by private contract or by sale

under execution, and in either case the severance is sufficient to convey a good title to the purchaser. *Stumbaugh* v. *Yeates*, 2 Rawle, 161; *Myers* v. *White*, 1 id. 353; *Heishey* v. *Metgar et al.* 90 Penn. St.; *Porche* v. *Bodine*, 28 La. Ann. 761.

Messrs. MATTHEWS, WIKE & HIGBEE, for the appellee:

If lands mortgaged be sold under foreclosure, the purchaser will be entitled to the crops grown at the time of sale, as against a purchaser claiming, in any manner, through or under the mortgagor subsequent to the making of the mortgage. Jones on Mortgages, secs. 676, 697, 780, *et seq;* 1 Washburn's Real Property, 106; *Jones et al.* v. *Thomas*, 8 Blackf. 428; *Lane* v. *King*, 8 Wend. 584; *Gillett* v. *Balcolm*, 6 Barb. 370.

A mortgagor is not entitled to emblements or to crops, as tenants at will or other tenants, and not entitled to notice to quit. "A mortgagor is not entitled to reap the crop, as other tenants at will are, because all is liable to the debt." *Doe dem. Fisher* v. *Giles et al.* 5 Bingham, 421; 1 Hilliard on Mortgages, 161; 1 Jones on Mort. sec. 697, and cases cited; *Keech, Lessee of Wayne* v. *Hall*, Douglas Rep. 21; *Carroll* v. *Ballance*, 26 Ill. 9; *Mayo* v. *Fletcher*, 14 Pick. 530; *Kruse* v. *Scripps*, 11 Ill. 98; *Jones* v. *Thomas*, 8 Blackf. 430; *Gartside et al.* v. *Outley et al.* 58 Ill. 210; *Medley et al.* v. *Elliott et al.* 62 id. 532; *Gaffield* v. *Hapgood*, 17 Pick. 194.

It would seem unnecessary to more than state the following proposition, namely: That a party claiming under a mortgagor can be in no better or stronger position relative to the mortgaged property than the mortgagor himself. But see 1 Jones on Mort. sec. 676; *Kruse* v. *Scripps*, 8 Wend. 584; *Lane* v. *King*, 11 Ill. 98.

Title and rights acquired by a purchaser under a mortgage sale, or sale under deed of trust, relate back to the date of the

mortgage or deed of trust. "The title takes effect by virtue of the original deed; the sale carries that title, and cuts off all liens and interests created subsequent to the mortgage." 2 Jones on Mort. secs. 1654–56-57; *Taylor* v. *Kearn,* 68 Ill. 340; *Davis et al.* v. *Connecticut Life Ins. Co.* 84 id. 508.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

As between the parties to the judgments, the seizure and sale upon the executions, of the wheat, did, no doubt, constitute a severance of the crop from the realty; but not as against the grantee in the deed of trust. He was not a party to the proceedings, and his rights were not affected thereby. The purchaser at the sheriff's sale took subject to the rights of the grantee under the trust deed, which were not cut off or affected by such sale. Had the grantor in the trust deed severed the crops, in fact, as did the purchaser under the executions, such severance would not have given him title to the grain as against the holder of the deed of trust. The purchaser at the sheriff's sale acquired only the rights of the maker of the deed of trust. The clause in the deed of trust permitting the grantor to enjoy the rents, profits and issues until default, was merely declaratory. Such was the legal effect of the deed, independent of the clause. As soon as default occurred, that permission ended.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*