# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—MAY TERM, 1882.

---

ROBERT T. BROCK

v.

JAMES LEIGHTON.

1. GROWING CROPS—RIGHT OF PURCHASER AT FORECLOSURE SALE—
FAILURE TO WAIVE HOMESTEAD.—A purchaser at a sale under a mortgage
or trust deed, is entitled to the crops growing on the mortgaged premises.
But where, by a defect in acknowledgment, the mortgage deed does not con-
vey the homestead right, a purchaser at such sale is not entitled to that por-
tion of the growing crop sown upon the homestead.

2. PURCHASER AT TAX SALE.—A purchaser at a tax sale, or his grantee,
acquires only the land and the right to obtain possession thereof by action of
ejectment, and damages for the rents and profits, under the statute.

3. HOMESTEAD—EXTENT.—A householder is entitled to a homestead to
the extent in value of $1,000, in the farm or lot and buildings thereon, owned
by him. Courts will take notice of the subdivisions of own and city
property into lots and blocks, and the legal subdivisions by government sur-
veys of land in the country; and where a debtor has a dwelling on any given
forty acre tract which, with the buildings thereon, is of the value of more
than $1,000, his exemption of a homestead is confined to that tract of land.

APPEAL from the Circuit Court of Scott county; the Hon.
A. G. BURR, Judge, presiding. Opinion filed September 6,
1882.

Mr. JAMES M. RIGGS, for appellant.

Mr. H. CASE, for appellee; that a party may convey his home-
stead right, and a surrender of possession in pursuance of such
conveyance is not an abandonment, cited Eldridge v. Pierce,
90 Ill. 474; White v. Plummer, 96 Ill. 398.

A party objecting to the introduction of evidence must state the ground of his objection, otherwise, only the question of its relevancy can be raised: Sargeant v. Kellogg, 5 Gilm. 273; Swift v. Whitney, 20 Ill. 144; Buntain v. Bailey, 27 Ill. 409; Gillespie v. Smith, 29 Ill. 473; Walcott v. Gibbs, 78 Ill. 122; Conway v. Case, 22 Ill. 127.

As to the rights of a purchaser under a tax sale: Brothers v. Hurdle, 10 Ired. 490; Reeder v. Purdy, 41 Ill. 279.

A party can not avail himself of an error that works him no injury: Thorn v. Watson, 5 Gilm. 26; Arenz v. Reihle, 1 Scam. 340; Schlencker v. Risley, 3 Scam. 483.

DAVIS, P. J.   This was an action of replevin brought by appellee against appellant to recover a quantity of wheat, claimed to be the property of appellee, wrongfully taken and detained by appellant.

It appears that in 1874, and for several years prior thereto, John W. Davis was seized in fee of lots 8 and 9, in section 16, and of S. W. qr. of N. W. qr. of section 15, T. 13, R. 11, Scott county, Ill., each parcel containing forty acres, lying in a body.   At that time, and for several years prior thereto, Davis occupied lot 8 as a homestead, the house and appurtenances being situated thereon; and the forty acres so occupied as a homestead being worth twelve hundred dollars.

On April 17, 1874, Davis and wife executed to Sanders, Ayres and Kirby, as trustees, a trust deed of said 120 acres of land to secure the payment of $1,600, borrowed money.   The deed was acknowledged, but owing to a defective certificate, it was insufficient to convey the homestead.

Davis and family continued to reside on lot 8 and to cultivate the tillable land on all three of the forty acre tracts until about the 25th of October, 1879, when they went to Arkansas.

On the 8th of March, 1880, pursuant to previous notice, the trustees sold the land because Davis had made default in the payment of one of the interest notes and had suffered it to be sold for taxes.   At this sale appellant bought the land, paid cash for it, and received from the trustees, in due form of law, a deed thereof.

In the fall of 1879, just before going to Arkansas, Davis

sowed wheat on the land and immediately afterward, October 16, 1879, mortgaged it to appellee by chattel mortgage. Before Davis left, he put James Howard into possession of the land and house, and gave to appellee a power of attorney, authorizing him to rent any land of which Davis was then or might thereafter. be possessed in Scott county, and to bring and defend such suits as might be necessary. When Davis left for Arkansas in the fall of 1879, he stopped at his step-mother's, Mrs. Griggs, and executed to her, October 25, 1879, a release and surrender of all of said lands, reserving or excepting the growing wheat.

On June 25, 1877, all of said lands were sold for taxes of 1876, and bought by John Mason, to whom a tax deed was made, 20th of August, 1879. On the 23d day of March, 1880, said Mason and wife executed a quitclaim deed of said land to appellant.

After Davis had executed the release and surrender of the land to Mrs. Griggs, she made a written lease of the same to Howard, who was still in possession of the house, and after appellant bought the land at trustee's sale, appellant made a written lease of the land to Howard, reserving to the lessor the growing wheat.

When the wheat matured, appellant harvested it without objection from appellee. After it had been cut and put in the shock, appellee sued out the writ of replevin in this case and recovered the possession of it. The wheat replevied made 262 bushels. It was all grown on lots 8 and 9, and of the wheat replevied at least forty bushels grew on lot 9.

On the trial below the jury found the wheat to be the property of appellee, and on the verdict, a judgment was rendered against appellant for the property in question. To reverse this judgment he appeals.

Appellant claims the wheat as purchaser and grantee of the land on which it was grown, under the sale made by the trustees on the 8th of March, 1880, and also as grantee of the land under the sale for taxes of 1876.

Undoubtedly appellant would have been entitled to the wheat had the deed executed by Davis and wife on the 17th of April, 1874, to Sanders, Ayres and Kirby, as trustees, to secure

the borrowed money, been properly acknowledged and certified so as to convey the homestead to them; for it is clear that when land is sold on foreclosure under a deed of trust, the purchaser is entitled to the crops growing at the time of sale, the mortgage covering them until severance. Jones on Mortgages, Sec. 697. Anderson et al. v. Strauss, 98 Ill. 485. But owing to the defective certificate of acknowledgment, the homestead of Davis in lot 8 remained in him and his grantee under the chattel mortgage, and never passed to the trustees or their grantee, the appellant. The wheat, therefore, which was grown on lot 8, never belonged to appellant, unless he acquired the right to all the wheat as grantee under the sale for taxes of 1876.

At the tax sale only the land was sold, and only the land was conveyed to appellant by the quitclaim deed of John Mason and wife of March 23, 1880. At that time appellant was not legally in possession of the land, for Howard had acquired the possession of it in part as renter from Davis and to take care of the growing wheat for Davis and hold for appellee, and also as tenant of Mrs. Griggs. Howard had no right to surrender the possession to appellant or attorn to him to the prejudice of Davis or any one claiming under him. Possession so acquired with full knowledge of the rights of Davis and his grantee could not avail appellant. It could not vest in him the property in the wheat. The only right therefore acquired by appellant, under his quitclaim deed from Mason, was the right to obtain possession of the land by action of ejectment and damages in the same proceeding for the rents and profits under the statute. Brothers v. Hurdle, 10 Iredell, 490.

Appellant, however, was entitled to the forty bushels of wheat grown on lot 9. The homestead of Davis was exhausted on lot 8, that lot being worth at the least estimate $1,200. It is claimed, however, by appellee, and the same view seems to have been entertained by the court below in instructions given, that the homestead embraced the whole farm of 120 acres without reference to its value. We do not so construe the homestead law. That law provides "That every householder having a family shall be entitled to an estate of homestead to the extent in value of $1,000 in the farm or lot of

Brock v. Leighton.

land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence * * * ." Revised Statutes of 1874, Sec. 1, page 497. This law has been in force since July 1, 1872, except the amount has been reduced from $1,500.

In Gardner et al. v. Eberhart et al. 82 Ill. 316, it was held "The court will take notice of the subdivisions of town and city property into blocks and lots, as well as the legal subdivisions by government surveys of land in the country, and where several forty acre tracts lie contiguous, or where several village or city lots lie contiguous, and where a debtor has a dwelling on any given forty acre tract, which with the buildings thereon is of the value of more than $1,000, or where a debtor has a dwelling on any given town or city lot, which with the buildings thereon clearly exceeds in value $1,000— in such case the law regards the forty acres, or village, or city lot on which the debtor's residence is situated as the 'lot of ground by him occupied as a residence.' His exemption is confined to this lot of ground."

This decision was made under the law then in force, which exempted from levy and forced sale, the lot of ground and the buildings thereon, occupied as a residence and owned by the debtor, being a householder and having a family, of the value of $1,000. We do not regard the change in the law as modifying or changing in any material respect the force and effect of the decision cited. The law as now in force only gives to the debtor an estate of homestead to the extent in value of $1,000 *in* the farm *or* lot of land and buildings thereon, occupied by him or her as a residence. It does not exempt the farm or lot of land without reference to its value as seemingly claimed by appellee.

The same construction must be given to the law now in force as given to the former law in Gardner et al. v. Eberhart et al. *supra.*

As the judgment below included the wheat to which appellant was entitled, it must be reversed and remanded.

Judgment reversed.

McCulloch, J., took no part in the decision of this case.