WILLIAM S. GODFREY ET AL. *v.* WILLIAM F. JOHNSON.

*Mortgage of Land—Growing Crops—Rights of Foreclosure Purchaser.*

A provision in a mortgage of land that, in case of a sale thereunder, "all the interest of the mortgagors" in annual crops pitched or cultivated on the land should pass to the purchaser, brought the case within the exception in Code, art. 66, sec. 26, providing that, except when it is otherwise agreed by the terms of the mortgage, such annual crops should not pass at a sale under the mortgage, and consequently the growing crops passed to a purchaser at foreclosure of the mortgage as against one who purchased the crops under execution before the foreclosure sale.                    pp. 584, 585

Md.]                    **Syllabus.**

Since, upon ratification of a judicial sale, the rights of the purchaser relate back to the time of the sale, the fact that crops growing on land at the time of its sale under foreclosure were severed before ratification of the sale did not prevent their passing with the land to the purchaser by force of an express provision in the mortgage that they should so pass.

pp. 585, 586

*Decided November 2nd, 1927.*

Appeal from the Circuit Court for Worcester County (BAILEY and DUER, JJ.).

Action by William F. Johnson against William S. Godfrey and Austin E. Warren, partners, trading as Godfrey & Warren. From a judgment for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*John W. Staton,* with whom were *William H. Price* and *Staton & Whaley* on the brief, for the appellants.

*Johnson & Johnson,* submitting on brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question in this case is one of the right to growing crops between judgment creditors of the landowner, who bought them in at a sheriff's sale in execution upon their judgment, and a mortgagee of the land who bought it in at a sale upon foreclosure of his mortgage, also while the crops were still growing. The court below held that the crops passed under the foreclosure sale as part of the security of the mortgage, and could not be seized and sold in execution upon the judgment; and this court, on appeal, has come to the same conclusion.

On September 26th, 1922, Andrew C. Henman, the owner of a farm in Worcester County, with his wife, executed a mortgage on the farm to the appellee, Johnson; and there

was inserted in the mortgage a provision that "in the event
that said property shall be sold under the powers hereby
granted or under a decree or order of any court having juris-
diction to decree or order a sale thereof, all the interest of
the mortgagors in and to all the annual crops pitched or
cultivated thereon shall pass with the said mortgaged prop-
erty to the purchaser at any such sale." The mortgage was
duly recorded. About a year after the execution of that
mortgage, on September 3rd, 1923, Godfrey and Warren re-
covered a judgment against Herman and wife in the Circuit
Court for Worcester County and at once issued execution on
it; and the sheriff on the next day, September 4th, 1923,
levied upon and took in execution certain crops growing on
the farm at that time. The crops were advertised for sale
by the sheriff, and were sold, still growing, on October 20th,
1923, the judgment creditors buying them in at the sale.
Meanwhile, on September 20th, 1923, the mortgagee, John-
son, had filed suit for foreclosure of his mortgage and, at a
foreclosure sale on October 13th, 1923, had bought the prop-
erty in. After both sales, on November 5th to 9th, 1923, the
crops were severed by Godfrey and Warren under the author-
ity of the sheriff, and sold; and Godfrey and Warren took
possession of the proceeds of sale. A few days later the mort-
gage foreclosure sale to Johnson was ratified and confirmed,
and he has brought suit in trover and recovered judgment
against Godfrey and Warren for converting to their own use
the crops which he claims as having passed to him by his
purchase at the mortgage foreclosure sale. The exception on
which the question is presented is one to the trial court's re-
fusal of an instruction that the verdict should be for Godfrey
and Warren.

The parties agree that, prior to the passage of Acts 1900,
ch. 457, sec. 26, now article 66, section 26, of the Maryland
Code, growing crops regularly passed to the purchaser upon
a mortgage foreclosure sale, as part of the security. *Wootton
v. White,* 90 Md. 64. The statute altered that general rule
by providing that, except when it is otherwise agreed by the
terms of a mortgage, no annual crops pitched or cultivated

by the debtor or those claiming under him shall pass at a
sale under the mortgage, but shall remain the property of
the debtor or those claiming under him.   And the contro-
versy is on the question whether the provision in this mort-
gage, quoted above, for the passing of the mortgagor's inter-
est in growing crops to the purchaser at foreclosure sale,
excepted the crops from the statutory rule and so passed
the right to them to that purchaser, the statute notwithstand-
ing.   The judgment creditors, the appellants, urge two con-
tentions against the conclusion that it did.   They contend
that the *interest of the mortgagors* which it undertakes to
pass to that purchaser is only such an interest, if any, as
may be left remaining in the mortgagors at the time of the
foreclosure sale, and that, the crops here having been seized
and sold in execution before the sale, there was no interest
of the mortgagors left to pass to the purchaser.   But the
object of the provision is, clearly enough, to bring this mort-
gage within the exception to the statutory amendment, and
to preserve to the mortgagee the right to growing crops which
attached at common law.   The clause follows closely the
words of the exception described in the statute.   It seems
improbable that such a clause would ever be inserted with
the intention that the interest conveyed should be only such
as the mortgagors or their creditors might afterwards choose
to leave for the mortgagee, if any.

A second contention is that, as the right to crops would
be passed as part of the land at a sale only while the crops
were growing, and the foreclosure sale was not completed
until ratification of it by the court after the crops had been
severed and disposed of, the purchaser at that sale got no
rights in them.   But this contention overlooks the principle
that upon ratification of a judicial sale the rights of the
purchaser relate back to the time of the sale.   It is true that
in *Wootton v. White,* 90 Md. 64, in dealing with a case of
severance of the crops after ratification as well as after the
sale, the court remarked that "the purchaser of the land be-
came, upon the ratification of the sale, entitled to the grow-
ing crop," but the court was not there fixing the exact stage

of proceedings before which severance of the crops from the land took them out of the mortgage security. In an earlier part of the same opinion, page 69, the court said a mortgagor or his judgment creditors could not lessen the security by selling the crops "if there has been no actual severance before a foreclosure sale," and it quoted (page 67), as incontestably the law, the statement of 2 *Jones, Mortgages,* sec. 1658, that "the purchaser is entitled to the crops growing at the time of the sale to him, in preference to the mortgagor or any one claiming under him whose claim originated subsequently to the mortgage." And that this means that the purchaser's rights are determined by the conditions at the time of sale, although there is a severance before confirmation of the sale, is made clear by a further statement of Jones to that effect in the same paragraph. And see *Ruggles v. First Nat. Bank,* 43 Mich. 192, 198; *Mutual Life Ins. Co. v. Bigler,* 79 N. Y. 568; *Anderson v. Strauss,* 98 Ill. 485; *Hunter v. Hatton,* 4 Gill. 115, 127; *Wagner v. Cohen,* 6 Gill. 97, 103; *Dalrymple v. Taneyhill,* 4 Md. Ch. 171, 176.

*Judgment affirmed, with costs to the appellee.*