JOHN M. BATTERMAN, Appellant, *v.* PETER S. ALBRIGHT, Respondent.

Nursery trees, vines and shrubs growing on land partake of the same character as growing crops. A party entering into possession by title paramount to the right of the tenant, takes them.

While title to mortgaged premises remains in the mortgagor, a foreclosure and sale in practical effect operates to extinguish the defeasance, and the purchaser takes title as of the time the mortgage lien was created.

In an action to recover for the conversion of certain nursery trees, vines and shrubs, upon a farm, it appeared that the title to the farm was, prior to August, 1878, in one M., a nurseryman, subject to two mortgages. The nursery property in question was grown on the farm after the execution of the mortgages. Plaintiff claimed title to the nursery stock under a purchase at a sale made by virtue of an execution issued upon a justice's judgment in his favor against M. in October, 1877. Defendant went into possession of the premises about April 1, 1879, as grantee of the purchaser at a sale on foreclosure of one of said mortgages, made in August, 1878. For some time prior to the time of plaintiff's purchase the mortgagor had been in default. *Held*, that defendant's possession was by title paramount to any right which could have been derived from the mortgagor subsequent to the giving of

the mortgage; that while plaintiff as against the mortgagor and without liability to the mortgagee, might have taken the nursery stock from the premises prior to the foreclosure, he had no such right as against one who had entered under title perfected by the foreclosure sale and the conveyance made pursuant thereto, and, therefore, that the action was not maintainable.

*Mott* v. *Palmer* (1 N. Y. 564), distinguished.

Also *held*, the fact that the mortgagee, before he commenced the foreclosure suit, had assigned a partial interest in the mortgage, did not render the judgment therein invalid, and furnished no ground for a collateral attack upon it.

Also *held*, that the omission to make plaintiff a party to the foreclosure suit did not affect the validity of the judgment and sale, as he acquired no interest in the land by his purchase on the execution sale, and so was not a necessary party for any purpose essential to the title derived from such sale, also, as there was no finding that the mortgagee at the time of the sale had any notice of plaintiff's claim. (Code Civ. Pro. § 1671.)

(Argued October 20, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made March 9, 1887, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover damages for the alleged conversion by the defendant of nursery trees, grape vines and bushes standing and growing upon a certain farm in the county of Albany.

The title to the farm prior to 1878, subject to a mortgage made by him to Isaac S. Albright, November 9, 1868, and a prior mortgage, was in Peter S. Markle, who was engaged in raising these nursery trees, vines and shrubs for sale. The alleged title of the plaintiff to those trees, vines and bushes is founded upon his purchase at a sale made by virtue of an execution issued upon a justice's judgment in his favor against Markle, by a constable in October, 1877. And the defendant went into possession of the premises about April 1, 1879, claiming title to them under a sale made on foreclosure of the mortgage to Albright in August, 1878, to the mortgagee and the referee's deed to him, who conveyed to the defendant in March, 1879.

The plaintiff had before then taken and disposed of some of the nursery trees. And his alleged cause of action was founded upon the denial by the defendant, after he went into possession of the premises, of the right of the plaintiff to remove the trees and bushes. remaining in the nursery there.

*W. Frothingham* for appellant. The foreclosure was void because Albright was not the owner of the mortgage, either at the time of the foreclosure or at the time of the demand. (*Wilson* v. *Troup*, 2 Cow. 231; *Slee* v. *M. Co.*, 1 Paige, 64; *Hoyt* v. *Martence*, 16 N. Y. 231.) The foreclosure was void as to the plaintiff who was not made a party to the action. (*Peabody* v. *Roberts*, 47 Barb. 92.) The nursery trees did not pass to the purchaser under the foreclosure sale. (*Lane* v. *King*, 8 Wend. 584; *Vorhees* v. *McGinness*, 48 N. Y. 278; *Trimm* v. *Marsh*, 54 id. 604; *Trustees, etc.*, v. *Wheeler*, 61 id. 118; 19 Ia. 309; *Maples* v. *Miller*, 31 Conn. 598; *Byasse* v. *Reise*, 4 Metc. 372; *Congdon* v. *Hill*, 8 Den. 196; *Mott* v. *Palmer*, 1 N. Y. 564; *Murdock* v. *Gifford*, 18 id. 28; 3 R. S. [5th ed.] 179; *Ford* v. *Cobb*, 20 id. 344; *Sheldon* v. *Anable*, 35 id. 279; *Sherman* v. *Willett*, 42 id. 146; *Bradner* v. *Falkner*, 34 id. 347; *Tifft* v. *Horton*, 53 id. 377; *Mills* v. *Quinn*, 76 id. 23; *Sisson* v. *Hibbard*, 75 id. 543; *McKeoge* v. *H. Ins. Co.*, 81 id. 38; *Wills* v. *Maple*, 15 Hun, 90; *McRea* v. *Bank*, 66 N. Y. 489; *Davidson* v. *K. Co.*, 99 id. 568; *Hamilton* v. *Austin*, 36 Hun, 138.) There was a severance of the trees by Batterman and Markle. (*Buckley* v. *Buckley*, 11 Barb. 56; *Bank of Lansingburgh* v. *Ceary*, 1 id. 545.) The plaintiff did not lose his property by not removing it before the pretended foreclosure. (*Lawrence* v. *Kemp*, 1 Duer, 366.)

*Chas. J. Buchanan* for respondent. When a mortgagee forecloses his mortgage, the purchaser thereunder becomes, by relation, a purchaser of the mortgaged premises as of the date of the mortgage. The purchaser takes the title of the mortgagor at the date of the execution of the mortgage unaffected

by subsequent incumbrances, equities or easement. (*Rector, etc.,* v. *Mack,* 93 N. Y. 488, 491–493 ; *Mygatt* v. *Coe,* 44 Hun, 32 ; *White* v. *Evans,* 47 Barb. 180 ; *Simers* v. *Saltus,* 3 Den. 214 ; 2 Jones on Mort. [2d. ed.] §§ 1654, 1658 ; *Gamble* v. *Horr,* 40 Mich. 561, 565 ; *Murphy* v. *Welch,* 128 Mass. 489 ; *Shepard* v. *Philbrick,* 2 Den. 174 ; *Lane* v. *King,* 8 Wend. 584 ; *Gillet* v. *Balcom,* 6 Barb. 370 ; *Shermann* v. *Willett,* 42 N. Y. 146, 150 ; *Jewett* v. *Keenholts,* 16 Barb. 192, 196, 197 ; *Aldrich* v. *Reynolds,* 1 Barb. Ch. 615, 616 ; *Downard* v. *Groff,* 40 Ia. 597 ; *Scriven* v. *Moote,* 36 Mich. 64 ; 33 id. 500 ; *Murdock* v. *Gifford,* 18 N. Y. 28.) Defendant was not only in as a purchaser under Isaac S. Albright, but also as mortgagee under the first, the Hendrickson, mortgage. His title as purchaser or as mortgagee under the first mortgage was a defense to an action of tort charging him with taking emblements of the land. (2 Jones on Mort. [2d. ed.] § 1116 ; *Downard* v. *Groff,* 40 Ia. 597–600.) Nursery trees planted by a mortgagor if not removed before foreclosure, pass to the purchaser, though if actually removed before foreclosure the mortgagor and his purchaser are not liable to the mortgees for waste. (*Hamilton* v. *Austin,* 36 Hun, 138, 141 ; 107 N. Y. 636 ; 1 Jones on Mort. [2d. ed.] § 434 ; *Price* v. *Brayton,* 19 Ia. 309 ; *Maples* v. *Millen,* 31 Conn. 598, 599 ; *McFadden* v. *Van Buren,* 50 Hun, 361 ; Wiltsie on Mort. § 587 ; Thomas on Mort. § 160 ; *Adams* v. *Beadle,* 47 Ia. 439 ; *Davidson* v. *W. G. L. Co.,* 99 N. Y. 558 ; *Tifft* v. *Horton,* 53 id. 377.) The foreclosure by Isaac S. Albright, defendant's grantor, without making Mary M. Markle a party, was valid and did not deprive the court of jurisdiction. (Code Civ. Pro. §§ 498, 499 ; *Klock* v. *Cronkite,* 1 Hill, 107 ; *Mowry* v. *Sanborn,* 62 Barb. 223, 226, 227 ; *Bunce* v. *Reed,* 16 Barb. 347, 350.) Plaintiff was not a necessary party to the foreclosure, and had no title to or interest in the land. (Code Civ. Pro. § 1671.)

BRADLEY, J. It may be assumed that, as against Markle, the judgment-debtor, the plaintiff, by his purchase at the sale

made by the constable upon the execution, took title to the nursery trees and the right to remove them. The question for consideration has relation to the effect, upon such rights, of the foreclosure of the mortgage, and the title to the premises derived from it. The trees and bushes in question had been grown in the nursery since the mortgage was made; and the plaintiff's claim of title was derived wholly from his purchase on the execution sale. As against the mortgagor, the foreclosure and sale were effectual to vest the title to the trees in the purchaser, and in the defendant as his grantee. The rule, as between mortgagor and mortgagee as to crops growing on mortgaged premises, is no less favorable to the claim of the plaintiff than that relating to nursery trees, which partake of the same character. And the principle applicable to both in such case may be treated as the same. The doctrine on the subject of emblements, and who, in their relation to the land on which they were growing, were entitled to them, was well defined at common law; and it was distinct from that of fixtures. They were treated as so distinct from the real estate as to be subject to many of the incidents of personal chattels. (Co. Litt. 55b; 2 Bl. Comm. 404.) And although they did not go to the heir, they did to the devisee, and to the remainderman for life. (Broom's Leg. Max. 305.) And in this state they go to the devisee, subject only to the payment of debts of the testator and the legacies given by his will. (*Bradner* v. *Faulkner*, 34 N. Y. 347; *Stall* v. *Wilbur*, 77 id. 158.) They, belonging to the grantor, also passed with a conveyance of the land, and such is now the rule. And the common law, in respect to emblements, is not very greatly modified by the statute, which provides that they be deemed assets and shall go to executors and administrators to be applied and distributed as personal estate. (2 R. S. 82, § 6.) It may be observed that the doctrine applicable to growing crops is distinguishable from that relating to other personal property on land as between grantor and grantee and mortgagor and mortgagee. The theory on which it rests is that they in some sense appertain to the realty. And the general rule as

declared from an early day by text and judicial writers, is that a party entering into possession by title paramount to the right of the tenant takes them. (Co. Litt. 55b; *Davis* v. *Eyton*, 7 Bing. 154.) Whether, without the aid of some statute, that rule is subject to any qualifications or exceptions, and if so, what, it is now unnecessary to inquire or determine. In the present case, the mortgagor had been in default several years at the time of the plaintiff's purchase of the nursery trees on the execution sale. And the defendant's entry into possession of the premises was by title paramount to any right which could have been derived from the mortgagor in them subsequently to the time the mortgage was given. Although since the right to maintain ejectment is denied to a mortgagee by statute (2 R. S. 312, § 57; Code, § 1498), his mortgage is a mere security, and the title to the mortgaged premises remains in the mortgagor, the foreclosure and sale in practical effect operates to eliminate the defeasance, and the purchaser takes the title of the mortgagor as of the time the mortgage lien was created. (*Rector, etc.*, v. *Mack*, 93 N. Y. 488.) And while the plaintiff, as against the mortgagor and without liability to the mortgagee, may have taken the nursery trees from the premises prior to the time of the foreclosure of the mortgage, he had no such right, as against the purchaser or his grantee who had entered under the title perfected by the sale on foreclosure and the conveyance made pursuant to it. (*Lane* v. *King*, 8 Wend. 584; *Shepard* v. *Philbrick*, 2 Den. 174; *Gillett* v. *Balcom*, 6 Barb. 370; *Jewett* v. *Keenholts*, 16 id. 194; *Sherman* v. *Willett*, 42 N. Y. 146; *Aldrich* v. *Reynolds*, 1 Barb. Ch. 613; *Adams* v. *Beadle*, 47 Ia. 439; 29 Am. Rep. 487.) The suggestion of the plaintiff's counsel that there has been a modification of the rule of law on the subject, and that the case of *Lane* v. *King* is not, therefore, entitled to the weight of authority, may be applicable to fixtures to which the authorities cited by him relate. But emblements are not fixtures within the meaning of the rule applied to them. The subject of the former is treated in the law as distinct from the latter; and while they may be taken on execution, supported by a judgment, not

a lien upon the realty, those things which have become fixtures cannot. But the doctrine peculiar to growing crops, originating in considerations deemed beneficial to the interests of agriculture, has remained substantially unchanged, and the rule, as stated in *Lane* v. *King*, was not only followed in some of the cases before cited, but that case and its doctrine have more recently been judicially cited and referred to with approval in this state (*Harris* v. *Frink*, 49 N. Y. 31; *Samson* v. *Rose*, 65 id. 416), and it quite uniformly prevails where the common law on the subject remains in force. The rigor of the old common law, which gave forfeiture as the consequence of default in payment of a mortgage, has been modified so as to permit payment at any time before sale on foreclosure. But that does not affect the question under consideration. And our attention is called to no reason why the considerations upon which the doctrine relating to emblements was founded and has since been observed, are now any less entitled to sanction than formerly. The fact that the right to ejectment is taken away from the mortgagee by the statute and the mortgage reduced to a mere chose in action secured by lien upon the land, while the defeasance remains effectual, does not seem to have any essential bearing upon the question, inasmuch as the perfecting of title under it has relation to the time it became a lien. The case of *Mott* v. *Palmer* (1 N. Y. 564) is not analogously inconsistent with the view here taken. There the right of the plaintiff, under his agreement with the owner of the premises, arose before the sale and conveyance to the defendant. And if the right of the plaintiff in the present case had been acquired to the trees prior to the mortgage, a different question would have been presented. In that event, the sale upon the execution and purchase by the plaintiff may have, so far as essential, been treated as a severance of the growing trees from the realty. But they cannot be so treated as against the title paramount of the defendant. (*Shepard* v. *Philbrick*, 2 Den. 174; *Gillett* v. *Balcom*, 6 Barb. 370.) These views lead to the conclusion that the plaintiff was not entitled to recover, if the foreclosure of the mortgage was

effectually made.   The plaintiff's counsel contends that it was not because : (1) One Mary M. Markle was not made a party to the foreclosure action, and (2) the plaintiff was not a party to it.   The first objection was founded on the fact that the mortgagee had assigned a partial interest in the mortgage to Mary M. Markle.   This did not render the decree invalid. The mortgagee was a proper party plaintiff, and the omission to unite the other party having a claim upon a portion of the amount secured by the mortgage, furnished no ground for a collateral attack by the mortgagor or the plaintiff.   The equity of redemption was barred by the foreclosure.   And the plaintiff had no relation to the realty to make him a necessary party for any purpose essential to the title derived from the foreclosure of the mortgage.   He could acquire no interest in it by his purchase upon his execution sale.   Nor is it found that the mortgagee, at the time of the foreclosure sale, had any notice of the claim of the plaintiff founded upon his purchase. (Code, § 1671.)

The judgment should be affirmed.

All concur.

Judgment affirmed.   _____