Argued 6 December, 1899; decided 29 January; rehearing denied 15 August, 1900.

## JONES *v.* ADAMS.

[59 Pac. 811, 62 Pac. 116; 50 L. R. A. 388.]

CROPS—TITLE OF PURCHASER OF THE LAND—SEVERANCE.*

1. A chattel mortgage on crops growing upon mortgaged land is not a constructive severance of them which will prevent their passing to a purchaser of the land on foreclosure sale made while the crops are still standing. Unless there has been an actual severance, the crops pass with the title of the soil to which they are annexed.

WHEN RENT IS DUE UNDER A CROP LEASE.

2. Where land is leased for a part of the crop to be raised thereon, and there is no stipulation as to the time of payment, the share is due when the crop is harvested or within a reasonable time thereafter.

From Klamath: W. C. HALE, Judge.

Action by Mary A. Jones against J. F. Adams to recover personal property. From a judgment for defendant, plaintiff appeals.                          REVERSED.

*NOTE.—On the question whether crops are personal property for the purpose of levy and sale, see *Polley* v. *Johnson*, 23 L. R. A. 258; *Barrett* v. *Choen*, 12 Am. St. Rep. 363, 366; *Sparrow* v. *Pond*, 32 Am. St. Rep. 571, 575, 16 L. R. A. 103.

As to the right of a tenant to crops and emblements after a sale on foreclosure of a mortgage, see *Richards* v. *Knight*, 4 L. R. A. 453; *Batterman* v. *Albright*, 11 L. R. A. 800, 19 Am. St. Rep. 510; *Goodwin* v. *Smith*, 17 L. R. A. 284, 33 Am. St. Rep. 373; *Caldwell* v. *Alsop*, 17 L. R. A. 782; *Whithed* v. *St. Anthony Elevator Co.* 50 L. R. A. 254.

With the case of *Dickey* v. *Waldo*, 23 L. R. A. 449, is a comprehensive note on the sale or mortgage of future crops.

See *De Vaughn* v. *Howell*, 14 Am. St. Rep. 162, 166, for a note, Right of landlord to reserve title to or lien on crops to be raised by his tenant.

As to whether a lien of a chattel mortgage on growing crops continues after severance from the land, see *Gillilan* v. *Kendall*, 18 Am. St. Rep. 766, 770.

The authorities as to when growing fruit is real and when it is personal property are classified in a note to *Sparrow* v. *Pond*, 16 L. R. A. 103, s. c. 32 Am. St. Rep. 571, 575.

Rights of tenants in common to crops is the subject of a note to *Le Barron* v. *Babcock*, 9 L. R. A. 625, 19 Am. St. Rep. 488.—REPORTER.

For appellant there was a brief over the names of *Hiram F. Murdoch* and *J. W. Hamaker*, with an oral argument by *Mr. J. A. Jeffrey.*

For respondent there was a brief and an oral argument by *Mr. Geo. S. Nickerson.*

MR. JUSTICE BEAN delivered the opinion of the court.

The facts out of which this controversy arose are that in June, 1896, a decree was rendered in the Circuit Court for Klamath County foreclosing a real estate mortgage given by one John L. Hall to the plaintiff in November, 1894, under which the mortgaged premises were sold, and purchased by her on the first day of the following August, and she immediately entered into possession thereof. At the time of her purchase a crop of wheat was growing on the land, one-third of which belonged to Hall and the remainder to his tenant. The day before the sale, Hall gave a chattel mortgage on his interest in the crop to the Little Klamath Water Ditch Co. to secure a debt, and, after the grain had been harvested, the defendant, as president and superintendent of the company, entered on the premises, and by virtue of such mortgage took and carried away the wheat described in the complaint. The plaintiff thereupon commenced this action for its recovery, claiming to be the owner thereof by virtue of her purchase at the foreclosure sale; and, failing therein, she appeals.

The only question for our determination is whether the ditch company, under its chattel mortgage, or the plaintiff as purchaser, is entitled to Hall's interest in the grain growing on the land at the time of the sale under the foreclosure decree. Until foreclosure and sale, a mortgagor of real estate is entitled to the possession, rents, issues, and profits thereof. He has an absolute right to all an-

nual crops planted or owned by him, and, if they are severed before the sale, he is under no liability to account for them to the mortgagee or purchaser. But under the statute a purchaser at a foreclosure sale is entitled to possession of. the premises from the day of sale, unless they are in the possession of a tenant holding under an unexpired lease, and in such case he is entitled to receive the rents or the value of the use and occupation thereof ; and, if the annual crops are not severed from the soil prior to the sale, they pass, with the title, to the purchaser, as against the mortgagor and parties claiming an interest therein under him subsequent to the mortgage : 2 Jones, Mortg. § 1658 ; 1 Washburn, Real Prop. 144 ; Wiltsie, Mortg. Forec. § 587 ; 8 Am. & Eng. Enc. Law (2 ed.), 303 ; *Batterman* v. *Albright*, 122 N. Y. 484 (11 L. R. A. 800, and note, 25 N. E. 856, 19 Am. St. Rep. 510); *Heavilon* v. *Farmers' Bank*, 81 Ind. 249.

1. This is elementary law, and is not questioned by the defendant, but his contention is that the giving of the chattel mortgage to the ditch company by Hall, prior to the sale under the foreclosure decree, was a constructive severance of the growing crops. There is authority for such view (*Willis* v. *Moore*, 59 Tex. 628, 46 Am. Rep. 284; *White* v. *Pulley*, 27 Fed. 436), but it does not commend itself as the better one. The general rule of the common law is that growing crops form a part of the real estate to which they are attached, and follow the title thereto. They are, however, for many purposes, regarded as personal property, and subject to voluntary sale or mortgage by the owner (Reed, St. Frauds, § 708); but the right of a purchaser or mortgagee is subject to the contingency that it may be wiped out by a foreclosure and sale under a mortgage given by the vendor or mortgagor on the land before the crop was sown, unless it is severed from the soil prior to such sale : *Sherman* v.

*Willett,* 42 N. Y. 146. A real estate mortgage is not only a lien upon the land, but also upon the annual crops growing thereon, unless they belong to a tenant, subject only to the right of severance prior to the sale and entry under the mortgage : 1 Jones, Mortg. § 697 ; *Rankin* v. *Kinsey,* 7 Ill. App. 215. Unless there is an actual severance, the crops pass with the title to the soil to which they are attached as against the mortgagor, and a previous sale or mortgage by him will not constitute a severance as against a purchaser at the foreclosure sale. The test is whether there has been an actual severance. If so, the crops become personal property, and do not pass to him who purchases the land subsequent to the severance ; if not, they go with the land : *Anderson* v. *Strauss,* 98 Ill. 485 ; *Shepard* v. *Philbrick,* 2 Denio, 172 ; *Crews* v. *Pendleton,* 1 Leigh, 297 (19 Am. Dec. 750, and note); *Beckman* v. *Sikes,* 35 Kan. 120 (10 Pac. 592) ; *Gillett* v. *Balcom,* 6 Barb. 370. It follows that the judgment of the court below must be reversed, and the cause remanded, with directions to enter a judgment in favor of the plaintiff.                                     REVERSED.

Decided 15 August, 1900.

ON PETITION FOR REHEARING.

For petitioner there was a brief over the name of *Mr. Chas. A. Cogswell.*

MR. JUSTICE MOORE delivered the opinion of the court.

2. At the rehearing of this case it was insisted that the court, in the former opinion, overlooked the fact that, when the premises were sold to the plaintiff, Hall's tenant was in possession thereof under a lease which did not terminate until three months thereafter ; and, this being so, it is argued that plaintiff was not entitled to

the possession of the land, but, in lieu thereof, to receive
from such tenant the rents or the value of the use and
occupation of the premises from the time of such sale
until the termination of the lease, and, it having been
stipulated that the wheat hypothecated by Hall to the
Little Klamath Water Ditch Company was due him at
the time he executed the chattel mortgage, the judgment
should have been affirmed.   The case was tried by the
court without the intervention of a jury, upon a stipula-
tion of facts to the effect that on November 16, 1894,
John L. Hall, being the owner of certain lands in Klam-
ath County, Oregon, gave a mortgage thereon to the
plaintiff, who, in June, 1896, secured a decree foreclos-
ing the same, at which time the grain in question was
growing on the premises ; that on July 2, 1896, said land
was levied upon by the sheriff of said county by virtue
of an execution issued on said decree, of which fact the
defendant had due notice ; that on July 31, 1896, Hall,
who then held the legal title to said land, of which he
was in the constructive possession by Eugene Hammond,
his tenant, under a lease thereof which did not terminate
until November 1, 1896, gave a chattel mortgage on all
his share of the crop of grain growing on said land to
said ditch company, to secure the sum of $355.50, pay-
able October 1, 1896, which mortgage was duly filed
within the time prescribed by law ; that on August 1,
1896, the land was sold upon said execution to plaintiff,
who was let into the immediate possession thereof, at
which time the grain in question was growing thereon ;
that on October 9, 1896, the conditions of said chattel
mortgage having been broken, the defendant, as presi-
dent of the ditch company, against plaintiff's protest,
took and carried away from said land one hundred and
thirty-three bushels of wheat, of the value of $78.30,
which was the rental due Hall from Hammond under

the lease; and that on October 17, 1896, the plaintiff secured and now holds the possession of said grain.

The statute, in prescribing the person who is entitled to the possession of real property upon a judicial sale thereof, provides that the purchaser, from the day of sale until a resale or redemption, and a redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period : Hill's Ann. Laws, § 307. It is stipulated that the grain so mortgaged by Hall was rental due from Hammond under the lease. "The word 'due,'" says Mr. Justice EWING, in *Scudder* v. *Scudder*, 10 N. J. Law, 340, "has more than one signification, or is used on different occasions to express distinct ideas. At times it signifies a simple indebtedness, without reference to the time of payment. '*Debitum in præsenti, solvendum in futuro.*' At other times it shows that the day of payment or render has passed." In *United States* v. *State Bank of North Carolina*, 31 U. S. (6 Pet.) 29, Mr. Justice STORY, in defining the word "due," says : "It is sometimes used to express the mere state of indebtedness, and then is an equivalent to 'owed' or 'owing;' and it is sometimes used to express the fact that the debt has become payable." In *Carr* v. *Thompson*, 67 Mo. 472, it was held that the word "due" was improperly used for "owing." As illustrating this definition, see, also, *Leggett* v. *Bank*, 25 Barb. 326 ; *Allen* v. *Patterson*, 7 N. Y. 476 (57 Am. Dec. 542). If it be assumed that the words "rental due," as used in the stipulation, are synonymous with "rent accrued," Hall could have entered and taken the quantity of wheat to which he was entitled, before it was harvested ; but,

as such a method of securing the proper quantity would have been impracticable, we think that the parties meant by the use of that term that the wheat so taken by the defendant was the quantity which was ascertained to be due Hall after the grain was harvested and threshed. Having reached the conclusion that the rent was not due Hall until after the grain was harvested, which occurred after plaintiff purchased the land, but before she was entitled to the possession thereof, the rent of the premises was due her, and not Hall; for the rule is well settled that when land is leased in consideration of a part of the crop that may be raised thereon, and the lease does not contain any stipulation as to when such share is payable, it is due when the crop is harvested, or within a reasonable time thereafter: *Toler* v. *Seabrook*, 39 Ga. 14; *Lamberton* v. *Stouffer*, 55 Pa. St. 284; *Long* v. *Seavers*, 103 Pa. St. 517; *Brown* v. *Adams*, 35 Tex. 447. The rent thus reserved having accrued after the sale of the premises, the plaintiff was entitled to the same, and hence we are compelled to adhere to our former opinion.

REHEARING DENIED.