CHRISTOPHER J. BANTA, Respondent, *v.* THOMAS B. MERCHANT, Appellant.

PARTITION — INSUFFICIENT RESERVATION OF GROWING CROP BY REFEREE AT THE SALE. Evidence that the referee in a partition sale stated "that there would be a claim against the place of about 28 acres of rye, besides that the one that put in the rye was to take his; he furnished all the seed and was to take his share of the seed out of the other half," is not sufficient to establish a reservation of the rye from the sale; at the most it was a statement that the purchaser would take title to the rye, subject to some claim, and in an action for conversion, the submission to the jury of the question whether such reservation was made is reversible error.

*Banta* v. *Merchant*, 45 App. Div. 141, reversed.

(Argued December 2, 1902; decided January 20, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 1, 1899, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action, and the facts, so far as material, are stated in the opinion.

*T. B. Merchant* and *L. M. Merchant* for appellant. Defendant became the owner of the land sold under the judgment in partition and entitled to the crops growing thereon at the time of the sale. (*Lane* v. *King*, 8 Wend. 584; *Gardner* v. *Finley*, 19 Barb. 317; *Shepard* v. *Philbrick*, 2 Den. 174; *Austin* v. *Sawyer*, 9 Cow. 40; *Wintermute* v. *Light*, 46 Barb. 278; *Aldrich* v. *Reynolds*, 1 Barb. Ch. 613; *Batterman* v. *Albright*, 122 N. Y. 484; *Harris* v. *Frink*, 49 N. Y. 24; *De Mott* v. *Hagerman*, 8 Cow. 220; *Green* v. *Armstrong*, 1 Den. 554.) Plaintiff could not acquire title to this rye by a declaration made at the sale under the judgment in the partition action, to the effect that the sale was subject to some right acquired by him from one tenant in common of the premises. (*Matter of Fales*, 33 App. Div. 611; *Matter*

*of Gantz,* 85 N. Y. 536; *Matter of Pennie,* 108 N. Y. 364; *Boynton* v. *Braley,* 54 Vt. 92; *T. & S. L. Ry. Co.* v. *Rust,* 19 Fed. Rep. 239.)

*Israel T. Deyo* for respondent. Plaintiff and the owner of the farm were tenants in common of the entire crop of rye as a chattel up to the time of the sale. (*Harris* v. *Frink,* 49 N. Y. 24; *Osborne* v. *Schenck,* 83 N. Y. 201; *Stahl* v. *Wilber,* 77 N. Y. 158; *Harris* v. *Gregg,* 17 App. Div. 210; *Thomas* v. *Williams,* 32 Hun, 257; *Green* v. *Armstrong,* 1 Den. 550; Rice on Real Prop. § 142.) Plaintiff's interest in the growing crop was reserved at the sale, and the referee had full power to make such reservation. (Code Civ. Pro. § 1678; *Valentine* v. *McCue,* 26 Hun, 456; *Smith* v. *Brittain,* 42 Am. Dec. 175.) Plaintiff's interest in the growing crop having been reserved continued to maintain its character as personal property and did not pass with the land, and defendant acquired no title to such interest, either on the sale or by the deed. (1 Hilliard on Real Prop. 12; *Sexton* v. *Breese,* 135 N. Y. 387; *Austin* v. *Sawyer,* 9 Cow. 39; *Sherman* v. *Willett,* 42 N. Y. 146; *Backenstoss* v. *Stahler,* 33 Penn. St. 251; *Story* v. *Hamilton,* 20 Hun, 133; *Leonard* v. *Clough,* 133 N. Y. 292; *Sayles* v. *N. W. P. Co.,* 41 N. Y. S. R. 856; 141 N. Y. 603; *Tyson* v. *Post,* 108 N. Y. 217, 221; *Porter* v. *T. Nat. Bank,* 70 Hun, 53; 143 N. Y. 668; *Friedrich* v. *Brewster,* 26 Hun, 236.)

WERNER, J. The action is in conversion. The property alleged to have been converted was the undivided one-half of a growing crop of rye. The controversy arises out of the following facts: On March 28th, 1895, one Burdick and one Ricks, brother and sister, were the owners as tenants in common of a farm in Broome county. On that day an action for the partition of the farm was commenced by Burdick in which his wife, his said sister and a mortgagee were named as defendants. On the following day notice of the pendency of the action was duly filed and properly indexed against the

defendant Ricks, who was the sole occupant of the farm during the year 1895, and until March 31st, 1896, on which date it was sold at public sale pursuant to a decree in the partition action. About October 1st, 1895, Ricks made an arrangement with the plaintiff herein, under which the latter sowed about thirty acres of the farm with rye and the crop was to be divided between them. At the time of the sale of the farm under the decree in the partition action the rye was in the ground. The defendant was the purchaser of the premises at the sale, and, when the crop of rye matured, he harvested it, claiming to be the owner thereof under his title to the farm.

The plaintiff herein claims that his right to an undivided one-half of the rye was expressly reserved at the sale. After the defendant had refused to permit plaintiff to harvest the rye and take one-half thereof this action was commenced. There is some conflict of testimony as to what took place at the sale. The referee who conducted it, and the attorney for Ricks, testified that after the terms of sale had been read by the referee, Ricks' attorney announced "that the premises would be sold subject to the right of the person who had put the rye that was growing upon the farm in upon shares." A bystander at the sale asked how many acres of rye there was, and this question was answered by Mr. Ricks, the husband of one of the owners of the farm. Both of the witnesses testified that it was their best recollection that the statement as to the reservation of an interest in the crop was not made or repeated by the referee. Burdick, the plaintiff in the partition action, testified that "Mr. Hays (the referee) said there would be a claim against the place of about 28 acres of rye, besides that the one that put in the rye was to take his; he furnished all the seed and was to take his share of the seed out of the other half. Both Mr. Hays and Mr. Van Cleve (Ricks' attorney) made the announcement." The defendant admits that Van Cleve announced that the premises would be sold subject to any rights which the plaintiff or any other person might have in the rye, but he denies that any such announcement was made by the referee.

At the close of the plaintiff's case in chief the defendant moved for a nonsuit "on the ground that a cause of action has not been proven." This motion was denied, and the defendant excepted. At the close of the whole case the defendant moved for the direction of a verdict in his favor "on the ground that, under the evidence as it stands, the title to the rye by virtue of the record, *lis pendens* and judgment and sale, vests in Mr. Merchant and, therefore, the plaintiff cannot recover." This motion was also denied and defendant excepted. The learned trial judge in submitting the case to the jury charged them that if the referee sold the farm, reserving the interest of the plaintiff in the crop of rye, then the plaintiff is entitled to recover, but if the announcement of such reservation was not made by the referee and was only made by Van Cleve, the attorney for Mrs. Ricks, then their verdict would have to be for the defendant.

At the conclusion of the charge the defendant excepted to the court's submission to the jury of the question whether the sale was made under this reservation. Defendant further excepted to the charge that if the referee announced such reservation the plaintiff was entitled to recover, and the court was asked to charge, as matter of law, that the interest of the plaintiff in the crop of rye could not have been reserved at the sale. Under this charge the plaintiff had a verdict, and we must, therefore, assume for the purposes of this review that the jury found that whatever announcement was made at the sale as to the reservation of an interest in the rye was made by the referee.

The conditions of sale, interlocutory judgment, referee's report of sale, order of confirmation and referee's deed herein contained no reference to, or reservation of, plaintiff's interest in the rye.

By the agreement between the plaintiff and Mrs. Ricks, the former became a tenant in common with the latter in the crop of rye (*Harris* v. *Frink*, 49 N. Y. 24, 27; *DeMott* v. *Hagerman*, 8 Cow. 220), and if it had been harvested before the partition sale took place, no question could have arisen as

to the plaintiff's right to the share claimed. But, owing to the peculiar nature and legal character of growing crops, the plaintiff's title to any share in the rye would be lost by the sale of the land under circumstances which would vest in the purchaser a paramount title. This would have been the result under a sale in foreclosure (*Batterman* v. *Albright*, 122 N. Y. 484; *Lane* v. *King*, 8 Wend. 584; *Shepard* v. *Philbrick*, 2 Denio, 174), and a sale in partition must have the same effect. The reason for the rule rests upon the principle that growing crops form part of the real estate and pass by a conveyance thereof, unless a constructive severance of the crops has been made. (*Harris* v. *Frink*, 49 N. Y. 27; *Batterman* v. *Albright, supra; Sexton* v. *Breese*, 135 N. Y. 387, 391.)

It is claimed by the respondent that such a constructive severance was effected in this case by the referee's announcement at the sale that there was a claim against the crop of rye. If this announcement had been sufficient to constitute a valid reservation of the crop of rye, the respondent's contention would be well founded and, under the case of *Sherman* v. *Willett* (42 N. Y. 146), the judgment appealed from would have to be affirmed. The fact that the plaintiff's right to the rye was derived from only one of the tenants in common of the farm would not affect this rule, as his title thereto would be good as against all persons except Burdick, the other tenant in common of the farm, and those claiming under him. If the plaintiff is right in his contention that there was a valid reservation of the rye at the sale, the defendant cannot claim title to the rye either through Burdick or his cotenant, Mrs. Ricks, because he purchased only the land.

This brings us to the main question in the case, which is, whether the statement made at the sale by the referee, as testified to by Burdick, was sufficient to constitute a reservation of plaintiff's interest in the rye. We think not. The statement of the referee, above quoted, was at most a notice that there was a claim against the rye, of some indefinite character and extent, subject to which the premises would be

sold. There was no explicit statement that the rye was with-
drawn from the sale, or in any way reserved. The announce-
ment that there was a claim against the rye simply put the
purchaser upon notice that he took the rye under circum-
stances which might render him liable to a lawsuit. This
clearly was not the equivalent of a statement that the rye was
withdrawn from the sale or that the purchaser would not take
it. It was at most a statement that the purchaser would take
title to the rye, but subject to some claim. We think, there-
fore, that the evidence was insufficient to establish a reserva-
tion of the rye at the sale by the referee, and that the learned
trial court erred in submitting to the jury the question whether
such a reservation had been made.

The judgment should be reversed and a new trial ordered,
with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, VANN and
CULLEN, JJ., concur.

Judgment reversed, etc.