MANSFIELD IRON WORKS, INC., Respondent, v. EAST MILL BASIN CORPORATION, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

MANSFIELD IRON WORKS, INC., Respondent, v. EAST MILL BASIN CORPORATION, Appellant. (Appeal No. 2.) — Order denying defendant's motion to vacate judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

MARY A. NACCASH, Respondent, v. HILDANSID REALTY CORPORATION and Others, Defendants, Impleaded with LOUIS SUMMERS, Appellant.— Order striking out defense and counterclaim affirmed, with ten dollars costs and disbursements. The conveyance by defendant realty corporation, the mortgagor, to defendant Louis Summers made subsequently to the mortgage under foreclosure did not create an easement or way by necessity over the mortgaged premises. While title to mortgaged premises remains in the mortgagor, a foreclosure and sale in practical effect operate to extinguish the defeasance, and the purchaser takes title as of the time the mortgage lien was created. (*Batterman* v. *Albright*, 122 N. Y. 484; *Rector, etc., Christ P. E. Church* v. *Mack*, 93 id. 488.) At that time no such easement existed. Defendant Louis Summers and his grantor, Hildansid Realty Corporation, have defaulted under the mortgage. They may protect the full value of the parcel remaining by offering to bid the full amount of the mortgage debt subject to the easement, and have the judgment modified so as to protect such a sale. (*Rector, etc., Christ P. E. Church* v. *Mack, supra.*) Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

MARY A. NACCASH, Appellant, v. HILDANSID REALTY CORPORATION and Others, Defendants, Impleaded with SIDONIA SUMMERS, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and motion to strike out the defense and counterclaim granted, with ten dollars costs, on authority of *Naccash* v. *Hildansid Realty Corporation* (ante, p. 686), decided herewith. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur. [140 Misc. 730.]

NEW YORK INVESTORS, INC. (Formerly REALTY ASSOCIATES), Respondent, v. ELEANOR M. GRIEVE (Also Known as ELEANOR M. SMITH), Appellant.— Judgment unanimously affirmed, with costs, upon authority of *Mann* v. *Munch Brewery* (225 N. Y. 189) and *Kottler* v. *New York Bargain House, Inc.* (242 id. 28). Present — Young, Kapper, Scudder, Tompkins and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS HOMAN, Appellant.— Judgment and order denying motion to reopen unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

MEYER ROSENBERG, an Infant, by FREDA ROSENBERG, His Guardian ad Litem, Appellant, v. LOUIS SCHWARTZ, Respondent, and Others, Defendants.*— Judgment affirmed, with costs. No opinion. Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Young, J., dissent upon the ground that the absence of the toe board, in violation of rule 1220, subdivision 2, of the Industrial Code, and the position of the mechanics while working on the scaffold would have justified an inference that the falling of the brick was due to respondent's negligence.

JOSEPH RUSSO, an Infant, by LOUIS RUSSO, His Guardian ad Litem, and LOUIS RUSSO, Individually, Respondents, v. ZOPITO ACERBO, Appellant.— Judgment and

* Revd., 260 N. Y. 162.